PLOTKIN, Judge,
dissents in part with written reasons:
I respectfully dissent from the majority’s decision excusing the defendant’s failure to present the testimony of the employee “whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.” I would reverse the trial court judgment.
LSA-R.S. 9:2800(C), as it read at the time this accident occurred,[1] absolutely required that the merchant introduce the testimony of the employee responsible for inspecting and cleaning the area in question in order to exculpate itself from liability. In fact, prior to the passing of the statute in 1988, the merchant was required by the caselaw to introduce the testimony of every employee who might have been responsible for the hazardous condition. See McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987). Thus, the adoption of the statute represented a lessening of the merchant’s burden. Crowther v. K-Mart Corp., 568 So.2d 669, 675 (La.App. 4th Cir.1990). The majority’s decision dilutes the merchant's burden even further, allowing the merchant to rely on hearsay evidence and the testimony of any employee who happened *446 to walk by the area in question just previous to the accident, even though that employee had no direct responsibility for the inspection of the area in question.
Because the controlling statute required that Schwegmann present the testimony of Domingo Solis in the instant case and because Mr. Solis’ testimony was not presented, the merchant failed to meet its burden of exculpating itself. The majority opinion would excuse this failure on the basis of the fact that Schwegmann issued a subpoena to Mr. Solis. I cannot agree with that loose interpretation of the statute, nor can I agree with the majority’s implied conclusion that the trial judge has discretion to suspend the requirements of the statute and decide that the defendant presented sufficient evidence, even in the absence of the required testimony, to prove that its inspection procedures were reasonable. I would reverse the trial court judgment and find in favor of the plaintiff.

. LSA-R.S. 9:2800 was amended in 1990 to remove the requirement that the merchant present the testimony of any specified persons. However, since that amendment is substantive, it should not be applied retroactively.